1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY SMITH,

11            Plaintiff,                    No. CIV S-12-0183 GGH P

12        vs.

13   L. RODRIGUEZ, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).  Plaintiff has consented to the jurisdiction of the undersigned.  See docket entry # 4,

20   signed consent form, dated Feb. 1, 1012, filed in the case docket on Feb. 3, 2012.

21            Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5    U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11   U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint must contain more than a "formulaic recitation of the elements of a

20   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

21   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

22   "The pleading must contain something more...than...a statement of facts that merely creates a

23   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

24   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

25   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

26   v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

2

S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

1843 (1969).

Plaintiff names as defendants:  L. Rodriguez, CDCR[1] Correctional Health

Services Administrator at California State Prison-Sacramento (CSP-Sac); defendant Kathy

Ayers, a CDCR Health Records Technician Supervisor (HRT-II) at CSP-Sac; and defendant C.

Spells-McCray, a CDCR HRT II at CSP-Sac.  Complaint, pp. 2, 5-8.[2]  The gravamen of his

complaint appears to be a claim of retaliation against these defendants.  Id., at 17.  Plaintiff was

transferred from CSP-Sac to California State Prison-Solano (CSP-Sol) on or around May 17,

2010.  Id., at 11.  Plaintiff states that he filed a complaint, on or about, March 12, 2010, alleging

"deliberate indifference to his pain and suffering and delay of treatment for an acute medical

condition," in violation of the Eighth Amendment.  Id., at 11.  Plaintiff does not identify the case

number or where it was filed, nor does he set forth the defendants in that case or the precise

claim(s) at issue.  Although it can be inferred that his allegations involved CSP-Sac employees,

plaintiff nevertheless fails to adequately set forth the basis for his claim of retaliation, since it

appears that the instant claim is predicated on his having filed the prior action.  The retaliation

alleged involves a claim that the physician's interdisciplinary progress notes for periods ranging

from October 2008 through May 2009 are missing from his medical files, medical files that it

---

[1] California Department of Corrections and Rehabilitation.

[2] The court's electronic docketing system's pagination is referenced.

took him some effort to have transferred from CSP-Sac.  Id., at 11-17.  It is unclear whether plaintiff is claiming that the records were deliberately removed or destroyed by defendants or whether he believes they still exist and simply are not being provided to him.  In seeking only compensatory and punitive damages (id., at 17-18), it may be that plaintiff does not believe the progress notes can be located at this time.

Retaliation by prison officials for the exercise of a prisoner's constitutional right of access to the courts violates the federal constitution.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

1    The court has located, sua sponte, Case No. Civ-S-10-0762 KJM CKD P, a civil

2    rights action filed by plaintiff in this federal court on March 31, 2010 (which, by application of

3    the mailbox rule appears to have been filed on March 24, 2010) of which judicial notice is hereby

4    taken.[3]  None of the defendants named therein are named in the present action.  Presently

5    pending in that action are findings and recommendations recommending granting in part and

6    denying in part defendants' motion to dismiss plaintiff's claims therein, regarding his allegations

7    "concerning medical treatment both leading up to and following his January 2009 surgery to

8    remove a cancerous growth in his neck."  See, Findings and Recommendations, filed in Case No.

9    Civ-S-10-0762 KJM CKD P, p. 2, 18.  In any case, plaintiff does not sufficiently frame a claim

10   of retaliation based on missing medical records in his medical file against the defendants named

11   in the instant action and the complaint will be dismissed, but plaintiff will be granted leave to

12   amend.

13   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17   there is some affirmative link or connection between a defendant's actions and the claimed

18   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

19   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

20   vague and conclusory allegations of official participation in civil rights violations are not

21   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24

25   [3] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370,
     1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United

26   States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   complaint be complete in itself without reference to any prior pleading.  This is because, as a

2   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6           In accordance with the above, IT IS HEREBY ORDERED that:

7           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

9   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Director of the California Department of Corrections and Rehabilitation filed concurrently

12  herewith.

13          3.  The complaint is dismissed for the reasons discussed above, with leave to file

14  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

15  file an amended complaint will result in a recommendation that the action be dismissed.

16  DATED: March 21, 2012

17                                          /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE
18

19
    GGH:009
20  smit0183.b

21

22

23

24

25

26

6